IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CATRECIA SCAIFE                                                                                           PLAINTIFF

V.                              CASE NO.: 2:13CV00076-SWW-BD

SOCIAL SECURITY ADMINISTRATION                                                    DEFENDANT

# RECOMMENDED DISPOSITION

## Instructions

The following recommended disposition will be sent to U.S. District Judge Susan Webber Wright. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The objecting party must serve the opposing party with a copy of her objections. Failing to object within 14 days waives the right to appeal questions of fact. *Griffin v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). If no objections are filed, Judge Wilson can adopt the recommended disposition without independently reviewing all of the record evidence.

**Report and Recommendation**

Plaintiff Catrecia Scaife has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits and supplemental security income. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the decision is free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

**The Commissioner's Decision**

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Ms. Scaife had not been under a disability within the meaning of the Social Security Act at any time through August 18, 2011, the date of his decision. (*Id*. at 23) On April 8, 2013, the Appeals Council denied Ms. Scaife's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (*Id*. at 1-3) Ms. Scaife then filed her complaint initiating this appeal. (Docket #2)

---

[1]The Honorable Kevin T. Alexander.

Ms. Scaife was thirty-seven years old at the time of her hearing. (SSA record at 35) She was a high school graduate and had last worked as a certified nursing assistant ("CNA") but quit that job because of her high-risk pregnancy. (SSA record at 36-37) She based her disability applications on back pain, a high-risk pregnancy, depression, anxiety, obesity, and fatigue. (SSA record at 64, 67)

The ALJ found that Ms. Scaife had "severe" impairments: obesity, carpal tunnel syndrome, and degenerative disc disease of the lumbar spine. (*Id*. at 16) He found that she did not have an impairment or combination of impairments that met or equaled a Listing. (*Id*. at 18) He judged that Ms. Scaife's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not totally credible. (*Id*. at 20)

Based on these findings, the ALJ concluded that Ms. Scaife retained the residual functional capacity ("RFC") for sedentary work, but that she was unable to climb ladders, ropes, or scaffolds and should not be exposed to work-place hazards. (*Id*. at 18) Additionally, he found that she could perform all other postural activities on an occasional basis, but could not perform rapid, repetitive flexing of the left wrist and would have to avoid concentrated exposure to heat, cold, and pulmonary irritants. (*Id*.)

Based on testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Scaife could not perform her past relevant work, but that she could perform other jobs

that existed in significant numbers in the national economy.² (*Id*. at 26-27) Thus, the ALJ concluded that Ms. Scaife was not disabled. (*Id*. at 23-24)

**Residual Functional Capacity**

Ms. Scaife argues that the ALJ erred by finding she had the residual functional capacity ("RFC") to perform a limited range of sedentary work. More specifically, she maintains that the ALJ failed to give proper consideration to her carpal tunnel syndrome and obesity. For the reasons set forth below, substantial evidence supports the ALJ's RFC assessment.

The ALJ must determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003).

The ALJ found that Ms. Scaife's carpal tunnel syndrome was a severe impairment and, based on that impairment, limited her to work that did not require rapid, repetitive flexing of the left wrist. (16, 18) The ALJ's RFC determination is supported by the medical records. As the ALJ points out, in November 2007, Ms. Scaife complained of only left wrist pain. (21, 209) On examination, her wrist had some synovial thickening,

---

²The VE identified two jobs that a person with Ms. Scaife's limitations could perform – telemarketer and surveillance systems monitor. (*Id*. at 23, 53-54)

but otherwise the results of testing were negative. (*Id*. at 209) She was prescribed splints and anti-inflammatory medication after the birth of her child. (*Id*.)

A July, 2010 consultative examination showed that Ms. Scaife had full range of motion bilaterally in her wrists, could hold a pen, write, pick up a coin, and she had full grip strength bilaterally. (*Id*. 270-71) No physician recommended surgery, and Ms. Scaife reported being able to engage in a variety of daily activities. (*Id*. at 21, 48, 39-41, 49-50, 151-54, 169-72)

Ms. Scaife also complains that the ALJ failed to account for her obesity. The ALJ found Ms. Scaife's obesity to be a severe impairment. (*Id*. at 16-17) In spite of her obesity, however, June 2010 and July 2010 treatment notes revealed that Ms. Scaife had a normal gait, no difficulty ambulating, and a full range of motion in her lower extremities. (*Id*. at 18-22, 483, 486-87, 493) At her consultative examination, Ms. Scaife was able to stand and walk without an assistive device; had normal gait; had no muscle weakness, atrophy or spasm; and demonstrated a full range of motion in all joints and the spine. (18-22, 268-72) An April, 2011 MRI showed only mild conditions in Ms. Scaife's lumbar spine. (515) The ALJ properly accounted for Ms. Scaife's obesity in limiting her to sedentary work with no climbing and only occasional performance of other postural activities.

Ms. Scaife also complains that the ALJ erred in finding that she could perform semi-skilled work. She notes that she was enrolled in special education courses during

school. The record indicates, however, that Ms. Scaife graduated from high school and performed work as a certified nurse's assistant, which the vocational expert classified as semi-skilled. (18-23, 35-36, 42, 52-53) Additionally, even if Ms. Scaife was limited to unskilled work, the error would be harmless because one of the jobs the vocational expert identified as a work a person with Ms. Scaife's limitations could perform, surveillance systems monitor, is classified as unskilled work. *Dictionary of Occupational Titles*, code 379.367-010 (requiring reasoning level of 2); SSR 00-4p (S.S.A. Dec. 4, 2000) (unskilled work corresponds to a reasoning level of 1-2).

Based on the record, substantial evidence supports the ALJ's RFC assessment.

**Credibility**

Ms. Scaife also argues that the ALJ did not properly evaluate her credibility. In his opinion, however, the ALJ discussed Ms. Scaife's credibility and evaluated it under the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). (20-22) The record indicates that Ms. Scaife stopped working as a CNA because of her high-risk pregnancy. (*Id*. at 37) After delivering her child, she did not try to find work, but instead, applied for unemployment benefits. (*Id*.) Her treating physicians treated her back pain and carpal tunnel syndrome conservatively, and none of them imposed restrictions on her that would preclude her employment.

Ms. Scaife's daily activities included caring for her children, preparing meals, driving, cleaning, doing laundry, and shopping. (*Id*. at 18-22, 39-41, 49-50, 151-54, 169-72) There is substantial evidence to support the ALJ's credibility determination.

**Development of the Record**

Ms. Scaife next complains that the ALJ did not adequately develop the record because he did not request a medical source statement from any of her treating physicians. The lack of a medical source statement does not render the record inadequate. 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6). Additionally, here the record contains a consultative examination by Inge Carter, M.D., who assessed Ms. Scaife with only mild limitations in sitting and standing. (*Id*. 268-72)

As part of her argument that the ALJ inadequately developed the record, Ms. Scaife complains that the ALJ disregarded evidence of her coccygeal dislocation. (#16 at p. 19) This is not the case. The ALJ discussed the coccygeal dislocation throughout his opinion. (SSA record at 17-18, 20-21) He noted that Ms. Scaife's physician had recommended conservative treatment of the injury. (*Id*. at 21) The ALJ further pointed out that the record did not indicate that the dislocation satisfied the 12-month durational requirement to be considered a severe impairment. (*Id*. at 21) Ms. Scaife has not pointed the Court to any evidence in the record indicating that the impairment met the durational requirement or that the impairment resulted in limitations not already included in the ALJ's RFC assessment. The ALJ adequately developed the record.

**Treating Source Opinions**

Finally, Ms. Scaife argues that the ALJ erred by not discussing the weight he was giving the treating source medical opinions. The only medical source opinion in the record is that of Dr. Carter, who performed a consulting examination of Ms. Scaife. Her opinion, that Ms. Scaife had only mild limitations in sitting and standing, is consistent with the ALJ's RFC assessment. (*Id*. at 18, 21, 268-72)

The ALJ also noted that he had also considered the opinions of the state agency consultants, who reviewed Ms. Scaife's medical records and concluded that she could perform work at the sedentary level with limited upper extremity movement, occasional postural activities, no climbing, and avoiding exposure to extreme temperatures, pulmonary irritants, and workplace hazards. (*Id*. at 22, 277-84) The ALJ's discussion of the opinion evidence was not error.

**Conclusion**

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which would support a different outcome. The test is whether there is substantial evidence, on the record as a whole, to support the ALJ's decision. *Van Vickle v. Astrue,* 539 F.3d 825, 828 (8th Cir. 2008).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample

evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401. The Commissioner's decision is not based on legal error.

The Court recommends the final determination of the Commissioner be AFFIRMED, and that Ms. Scaife's complaint be dismissed with prejudice.

DATED this 5th day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE